## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **HAPPY FEET - LEGENDS** | ) | |
| **INTERNATIONAL INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:** |
| **v.** | ) | |
| | ) | **Jury Trial Demanded** |
| **MEURIG CUNDY** | ) | |
| **3933 North Watercress Ct.** | ) | |
| **Maize, KS 67101** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **HAPPY FEET OF WICHITA, LLC** | ) | |
| **Registered Agent: Meurig Cundy** | ) | |
| **3933 North Watercress Ct.** | ) | |
| **Maize, KS 67101** | ) | |
| | ) | |
| **Defendants.** | ) | |

### VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff Happy Feet – Legends International Inc., for its Complaint against Meurig Cundy and Happy Feet of Wichita, LLC (collectively, "Defendants"), hereby states as follows:

### NATURE OF THE CASE

1.      Founded in 1989, the Happy Feet – Legends International ("HFLI") Soccer Club organization started in Kansas City and now has sister clubs throughout the United States. The hallmark of all HFLI teams is superb individual skill.

2.      Since its inception, HFLI has operated the HappyFeet program of soccer instruction for children ages 2 through 7 throughout the United States. The HappyFeet program provides introductory soccer experiences and skill development through their proprietary, professionally developed "story time with a soccer ball" curriculum.

3.      HappyFeet is a part of HFLI's larger method and system (the "System"), which was developed through skill, effort and resources for the development and operation of preschool and day care soccer clinics, soccer leagues, premier and recreational coaching clinics, academies, camps, tournaments, tours, and merchandise. This System includes, without limitation: HFLI's marks and all related names, trademarks, service marks, logos, copyrights, and associated goodwill; distinctive designs, color schemes and trade dress and signage; an operations manual incorporating required standards, procedures, policies, and techniques; and advertising, marketing, and promotional programs.

4.      Defendant Meurig Cundy and his company Happy Feet of Wichita, LLC operated a HappyFeet franchise in the Wichita, Kansas area (the "Wichita Franchise") and entered into a Franchise Agreement governing the parties' respective rights and obligations for the operation of the Wichita Franchise.

5.      Defendants have breached various provisions of the Franchise Agreement by refusing to pay certain fees due and owing and by further refusing to provide financial documentation to allow HFLI to determine the full amounts owed.

6.      More egregiously, and in addition to breaching their financial obligations, Defendants have wrongfully taken proprietary, confidential documents and information from the HFLI System and used it to join a competitor company that offers youth soccer services similar to those offered by HFLI and its HappyFeet program.

7.      In furtherance of their wrongful competition, Defendants are wrongfully marketing their competitor business as though it is still affiliated with the HFLI network. In so doing,

96027066.1

Defendants are utilizing HFLI's valid and protectible trademarks, other Proprietary Marks,[1] intellectual and tangible property, and have converted HFLI's websites, domain names and social medial accounts.

8.      Defendants continue to breach their contractual obligations to HFLI, commit trademark infringement, unfairly compete, and engage in tortious conduct designed to to confuse and deceive the public as to the true nature of Defendants' services and interfere with HFLI's business relationships and expectancies.

9.      HFLI therefore seeks a temporary restraining order and preliminary injunction, in addition to other available remedies, to prevent Defendants' wrongful conduct and preserve HFLI's rights under the Franchise Agreements, under federal statutes, and at common law.

## THE PARTIES

10.     HFLI is a corporation organized under Kansas law with its principal place of business in Merriam, Kansas.

11.     Defendant Meurig Cundy ("Cundy") is an individual residing at 3933 North Watercress Ct., Maize, KS 67101.

12.     Defendant Happy Feet of Wichita, L.L.C. ("HF Wichita") is an LLC organized under Kansas law with its principal office at 3933 North Watercress Ct., Maize, KS 67101.

13.     Upon information and belief, Defendant Cundy is the sole member of HF Wichita.

## JURISDICTION AND VENUE

14.     This action arises under 15 U.S.C. §§ 1114 and 1125(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Kansas common law.

---

[1] Capitalized terms used but not defined herein have the same meaning as set forth in the Franchise Agreement.

96027066.1

15.     The Court has federal subject matter jurisdiction over this action pursuant to the Lanham Act 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338.

16.     The Court has supplemental jurisdiction over the state common law claims because these claims form part of the same case and controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. §1367.

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) and 28 U.S.C. § 1400.

**FACTS COMMON TO ALL COUNTS**

**A.      The HappyFeet Program and Curriculum**

18.     HFLI's HappyFeet program provides introductory soccer experiences and skill development for children ages 2 through 7 with a progressive curriculum specifically designed for each age group: Little Toes for 2s (for children age 2), Big Toes for 3s (for children age 3), HappyFeet for 4s and 5s (for children age 4-5), and Future Legends (for children age 5-7).

19.     HFLI is the owner of a federal trademark registration, Reg. No. 4405918 issued by the United States Patent and Trademark Office ("USPTO") on September 24, 2013 for the HAPPYFEET MARK (the "HappyFeet Mark"):



20.     A prior version, the HAPPYFEET LEGENDS MARK, Reg. No. 3786029 was issued by the USPTO on November 17, 2009.

21.     Since its inception, HFLI has extensively and continuously used and promoted its trademark in connection with its youth soccer services, which has resulted in extensive sales under the HappyFeet Mark.

22.     As a result of HFLI's continuous and exclusive use of the HappyFeet Mark in connection with its products, the HappyFeet Mark enjoys wide public acceptance and association with HFLI and has come to be recognized widely and favorably by the public as an indicator of the origin of HFLI's services.

23.     Defendants have used the HappyFeet Mark on, at least, Defendants' social media accounts and websites, to divert customers from HFLI to a competitor business where Defendants do not offer and cannot offer HFLI's services and products, thereby deceptively luring unsuspecting customers away from HFLI's services to Defendants' services through the use of the HappyFeet Mark.

**B.     Defendants' Operation of HappyFeet franchises**

24.     On April 1, 2007 Defendants entered into a Franchise Agreement with HFLI to establish a HappyFeet franchise in the Wichita, Kansas area.

25.     The Franchise Agreement provides that any claim, controversy, or dispute "shall be resolved by a proceeding in a court in Kansas," and further provides that Defendants "irrevocably accept the jurisdiction of the courts of the state of Kansas and the Federal Courts located in Johnson County, Kansas."

26.     The Franchise Agreement further provide that in the event Defendants breach certain obligations of the Franchise Agreement, they agree "money damages would not adequately compensate Franchisor for such violations and Franchisor shall be entitled, without showing any actual damages it has sustained and in addition to any other remedies it may have, to injunctions or other appropriate orders to restrain any such breach by Franchisee."

27.     Under the terms of the Franchise Agreement, Defendants were obligated to pay certain fees to HFLI, including but not limited to: Periodic Franchise Fees, Periodic Advertising

Fees, and other additional fees. Defendants agreed not to withhold any of fees or other amounts due for any reason.

28.     Under the terms of the Franchise Agreement, Defendants were obligated to prepare and preserve complete and accurate financial records concerning all financial, operating, marketing and other aspects of the HappyFeet franchises. Defendants were obligated to provide certain financial information to HFLI on a monthly and yearly basis and to make such records available at HFLI's request.

29.     Under the terms of the Franchise Agreement, any and all Proprietary Marks (including but not limited to trade names, service marks, trademarks, emblems and indicia of origin to identify for the public the source of services and products marketed by HappyFeet ) are HFLI's "sole and exclusive property" and Defendants have "no right to use . . . any name, mark or other intangible property right . . . or any name or mark confusingly similar thereto, except in connection with the operation of the franchise."

30.     The Franchise Agreement further provides that "all artwork, graphics, layouts, slogans, names, titles, text or similar materials incorporating, or being used in connection with, the Proprietary Marks that may be created by [Defendants], its employees, agents and subcontractors and any other party with whom it may contract to have such materials produced . . . shall become the sole property of HFLI."

31.     The Franchise Agreement imposed confidentiality and non-competition obligations, which prohibit Defendants from engaging in any acts designed to injure HFLI, including but not limited to: (i) diverting or attempting to divert actual or prospective business or customers to any competitors; (ii) performing any act that injures or prejudices the goodwill associated with HFLI, its System, or Proprietary Marks; and (iii) employing or seeking to employ

anyone who has been employed by HFLI within one year or to otherwise induce such a person to leave their employment with HFLI. These obligations remain in force during the term of the agreement and survive the termination or expiration of each of the Franchise Agreements for three years after termination or expiration.

32.     Defendants are further prohibited from owning, maintaining or associating with any businesses offering the same or similar services offered by HFLI. These obligations also remain in force during the term of each of the Franchise Agreement and survive the termination or expiration of each of the Franchise Agreement for three years after termination or expiration.

**C.     Defendants' Breaches of the Franchise Agreements**

33.     Until approximately January 2024, HFLI, Cundy and HF Wichita performed their respective obligations under the Franchise Agreement, and the parties continued to engage in a course of performance and a course of dealing to establish a common understanding that the Franchise Agreement remained in full force and effect.

34.     Beginning in approximately January 2024, Defendants stopped providing HFLI with the financial documentation they were required to prepare and maintain under the Franchise Agreements, and Defendants stopped remitting fees due and owing under the Franchise Agreements.

35.     In October 2023, Cundy notified HFLI that he intended to stop operating "my Happy Feet / Legends Franchise" at the end of 2023. But Defendants did not stop operating the Wichita Franchise.

36.     Instead, Defendants continued to provide Happy Feet camps, courses, leagues, and other services until at least June 2024 and use the HappyFeet Mark, the HappyFeet curriculum,

HappyFeet-branded apparel, and other HappyFeet tangible and intellectual property in providing such services.

37.     On June 5, 2024, Defendants posted the following on the Happy Feet of Wichita / Wichita Legends Soccer Club Facebook page to solicit business for the 2024-2025 school year and season:



38.     Earlier this year, Defendants made similar efforts to solicit business for the 2024-2025.

39.     However, on July 3, 2024, Defendants announced, through social media, that "Happy Feet is now Super Soccer Stars."  Defendants also announced that they were offering the same program, "just different names:"



40.     The "Happy Feet of Wichita / Wichita Legends Soccer Club" Facebook page, though still utilizing the Happy Feet Mark and name, now links to the Soccer Stars website and indicates Cundy's e-mail address is meurig.cundy@soccerstars.com:



41.     Soccer Stars is not affiliated with HFLI in any way. It is instead a nationwide competitor of HFLI that provides youth soccer services similar to those provided by HFLI.

42.     In conversations with Cundy preceding Defendants' July 3, 2024 announcement, HFLI reminded Cundy of the non-competition obligations imposed by the Franchise Agreement and HFLI's intent to enforce its rights under it.  HFLI's attempts to engage in further discussions with Cundy regarding Defendants' actions and failures described herein were unsuccessful.

43.     With full knowledge of its confidentiality and non-competition obligations under the Franchise Agreement, Defendants joined a competing company and have intentionally induced HFLI's customers away from HFLI and to Defendants now competing business.

44.     By their conduct, Defendants have knowingly and intentionally provided, and are continuing to knowingly and intentionally provide users with the false impression that HFLI and Soccer Stars are affiliated and/or that Defendants' services are the result of a name change and not a competitor organization.

45.     Additionally, Defendants have used HappyFeet intellectual property – including but not limited to the HappyFeet Mark and other Proprietary Marks, photographs, domain names, websites, templates, and curriculum – to solicit and obtain business that Defendants then diverted to a competitor company.

46.     Upon information and belief, Defendants have used and continue to use HappyFeet intellectual property – including but not limited to the HappyFeet Mark and other Proprietary Marks, photographs, domain names, websites, templates, and curriculum – in advertising its competitor organization in other ways.

47.     Upon information and belief, Defendants have taken other HFLI proprietary documents and utilized them in creating and operating its competitor organization.

## COUNT I
### Trademark Infringement in Violation of Federal Statute (15. U.S.C. § 1114(1))

48.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

49.     This is a claim for infringement of HFLI's HappyFeet Mark, which is registered with the USPTO and is both valid and protectable.

50.     Defendants' use of the HappyFeet Mark and/or confusingly similar trademarks to attract customers is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are designed by, provided by, and/or associated or connected with HFLI, or have the sponsorship, endorsement, or approval of HFLI, in violation of 15 U.S.C. § 1114(1)

51.     Defendants used the HappyFeet Mark in commerce and without HFLI's consent.

52.     Defendants' conduct also constitutes an attempt to trade on the goodwill that HFLI has developed in the HappyFeet Mark, all to the damage of HFLI.

53.     By their conduct, Defendants have caused HFLI irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further infringing the HappyFeet Marks.

## COUNT II
### Unfair Competition in Violation of Federal Statute (15 U.S.C. § 1125(a))

54.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

55.     This is a claim for unfair competition, arising from Defendants' unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Defendants' conduct constitutes an attempt to trade on the goodwill that HFLI has developed in the HappyFeet Mark and other Proprietary Marks, all to the damage of HFLI.

57.     Defendants' actions demonstrate an intentional, willful, and malicious intent to deceive, cause confusion, and trade on the goodwill associated with HFLI to HFLI's immediate and irreparable harm.

58.     By their conduct, Defendants have caused HFLI irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further unfairly competing with HFLI by infringing the Happy Feet Mark and HFLI's other Proprietary Marks,

**COUNT III**
**Common Law Trademark Infringement and Unfair Competition**

59.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

60.     Defendants' acts constitute common law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion to the irreparable injury of HFLI.

61.     Defendants acted with full knowledge of HFLI's use of, and statutory and common law rights to, the HappyFeet Mark and HFLI's other Proprietary Marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

62.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with HFLI to the great and irreparable injury of HFLI.

63.     By their conduct, Defendants have caused HFLI irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further infringing and unfairly competing with HFLI by infringing the HappyFeet Mark and HFLI's other Proprietary Marks.

96027066.1

## COUNT IV
## Breach of Contract

64.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

65.     As set forth hereinabove, the Franchise Agreement constituted valid contracts between HFLI and Defendants Cundy and HF Wichita.

66.     Moreover, the parties engaged in a course of performance and course of dealing demonstrating that the Franchise Agreements constituted valid contracts between HFLI and Defendants Cundy and Wichita and remained in full force and effect at all times relevant to this litigation.

67.     As set forth hereinabove, the Franchise Agreement imposed obligations, requirements and/or duties upon Defendants to, among other things: (i) remit certain fees to HFLI on a regular basis; (ii) maintain financial and other records and submit such records to HFLI on a regular basis; (iii) allow HFLI to inspect and/or audit Defendants' financial records; (iv) refrain from utilizing HFLI's Proprietary Marks and other intellectual property; (v) refrain from diverting or attempting to divert actual or prospective business or customers to any competitors; (vi) refrain from performing any act that injures or prejudices the goodwill associated with HFLI, its System, or Proprietary Marks; and (vii) refrain from employing or seeking to employ anyone who has been employed by HFLI within one year or to otherwise induce such a person to leave their employment with HFLI; and (viii) refrain from owning, maintaining or associating with any businesses offering the same or similar services offered by HFLI.

68.     Defendants breached and continue to breach provisions of the Franchise Agreement by their conduct set forth hereinabove.

69.     By so doing, Defendants have violated the express terms of the Franchise Agreement, thus breaching, and repudiating its terms and, indeed, frustrating the entire purpose of such contract.

70.     HFLI is not in breach of the Franchise Agreement and has fulfilled its obligations under it.

71.     Despite due demand, the above breaches of the Franchise Agreements have not been cured by Defendants.

72.     Defendants' acts, omissions and wrongful conduct breached the express terms of the Franchise Agreements as well as the covenant of good faith and fair dealing implied as a matter of law in the contracts.

73.     Defendants' actions constitute acts of bad faith and willful misconduct.

74.     As a direct result of Defendants' bad faith and willful breaches of the Franchise Agreements and the covenant of good faith and fair dealing implied therein, HFLI has suffered actual and continuing harm.

75.     Defendants' unlawful conduct has caused and, unless restrained, will continue to cause damages and irreparable harm to HFLI.

**COUNT V**
**In the Alternative, Unjust Enrichment**

76.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

77.     At all times relevant to this litigation, Defendants owed a legal duty to HFLI to not commit wrongful acts to enrich itself at HFLI's expense

78.     Defendants were conferred a benefit by their operation of a HappyFeet franchise and their attendant access to the HFLI System.

14

79.     Defendants have acknowledged the benefit conferred by their operation of HappyFeet franchises and their attendant access to the HFLI System.

80.     Despite this acknowledgement and despite their unconditional obligations under the Franchise Agreement, Defendants have failed to pay or reimburse HFLI for any of the amounts due and owing under the Franchise Agreement.

81.     Defendants were conferred a further benefit by wrongfully converting, taking, utilizing and displaying HFLI's photographs, documents, templates, the Happy Feet Mark and other Proprietary Marks and other intellectual property on its websites, social media and in other marketing materials to sell its youth soccer services.

82.     By reason of the foregoing Defendants have been unjustly enriched, to HFLI's detriment.

83.     Defendants' unlawful conduct has caused and, unless restrained, will continue to cause damages and irreparable harm to HFLI.

84.     HFLI has no adequate remedy at law.

## COUNT VI
## Injunctive Relief

85.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

86.     If Defendants are permitted to continue breaching the Franchise Agreement, unlawfully competing, and otherwise engaging in the misconduct described herein, HFLI will continue to suffer substantial, irreparable, and immediate harm, including, but not limited to, irreparable damage injury to its brand and reputation, irreparable confusion around the HappyFeet Mark, loss of its customer base and relationships in each of the New Jersey franchise locations, loss of brand loyalty and goodwill, loss of or damage to the ability to fairly compete in the franchise

locations, and adverse impact on the ability to sell franchises to other franchisees in the franchise locations.

87.     HFLI has established a likelihood of success on the merits of its claims against Defendants because Defendants are actively misusing the HappyFeet Mark and are plainly operating a competing business in violation of the non-competition provisions in the Franchise Agreement.  As such, injunctive relief is necessary to preserve HFLI's intellectual property and contractual rights to maintain the value of its business, including the HappyFeet Mark, HFLI's brand and reputation, its customer base and relationships, its brand loyalty and goodwill, its ability to fairly compete in its franchise locations, and its ability to sell franchises to other franchisees in the franchise locations.

88.     HFLI does not have an adequate remedy at law because the value of past and ongoing irreparable harm, including, but not limited to, the damage to its intellectual property rights, customer relationships, brand reputation, and goodwill is difficult to determine and value.

89.     The balance of equities and the public interest favors issuance of HFLI's requested injunctive relief because the past and continuing damage to HFLI outweighs any potential injury to Defendants.

90.     HFLI is entitled to temporary, preliminary, and permanent injunctive relief against Defendants to restrain them from violating and continuing to violate the Franchise Agreements and HFLI's intellectual property rights.

91.     Defendants have contractually agreed to injunctive relief for their breaches of the Franchise Agreements relating to misuse of the HappyFeet Mark or other HFLI intellectual property and to obligations, like the non-competition obligations, that survive the termination or expiration of the Franchise Agreements.

92.     HFLI requests that the Court enter temporary, preliminary, and permanent injunctive relief enjoining Defendants from using the HappyFeet Mark, from owning or operating a competing soccer business through any individual or entity, and from diverting customers away from HappyFeet programming to other soccer programming through an entity or organization owned, directly or indirectly, by Cundy or those in privity with Cundy.

## COUNT VII
### Tortious Interference with Business Expectancy

93.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

94.     Through the operation of HappyFeet franchises, HFLI has had longstanding business relationships with parents, families, caregivers, day cares and schools to provide youth soccer services in HappyFeet's various franchise areas.

95.     HFLI had business expectancies with parents, families, caregivers, day cares and schools in the respective franchise areas with the probability that those relationships would continue and provide future economic benefit to HFLI.

96.     Defendants were aware of these relationships and expectancies.

97.     But for Defendants' acts, omissions and wrongful conduct, HFLI was reasonably certain to have continued its relationships and/or realized its expectancies.

98.     Defendants' conduct was intentional, malicious, and designed to divert existing and prospective HappyFeet customers away from HFLI and/or to confuse such customers into believing they were conducting business with HFLI.

99.     Defendants' unlawful conduct has caused and, unless restrained, will continue to cause damages and irreparable harm to HFLI.

96027066.1

100.     By reason of the foregoing, HFLI is entitled to recover compensatory and punitive damages for Defendants' tortious conduct in an amount to be determined at trial, together with interest at the maximum rate provided by law.

**Count VIII**
**Conversion**

101.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

102.     At all times relevant to this litigation, Defendants owed a legal duty to HFLI to not convert HFLI's documents, photographs, and other intellectual property Defendants' own use and benefit.

103.     Defendants breached that duty on more than one occasion and such breach was and continues to be the proximate cause of harm to HFLI.

104.     Defendants' unlawful conduct has caused and, unless restrained, will continue to cause damages and irreparable harm to HFLI.

105.     By reason of the foregoing, HFLI is entitled to recover compensatory and punitive damages for Defendants' tortious conduct in an amount to be determined at trial, together with interest at the maximum rate provided by law.

**RELIEF SOUGHT**

WHEREFORE, HFLI requests that this Court:

A.     Grant preliminary and permanent injunctive relief enjoining Defendants and their related entities, agents, servants, employees, successors, ad assigns, and all those in privity, acting in concert, or in participation with them, from further breaching the Franchise Agreements, including, without limitation, by using the HappyFeet Mark and

HFLI's other Proprietary Marks, including, but not limited to use on promotional signs, an entity, corporate, or other trade name, in any domain name, and online.

B. Grant preliminary and permanent injunctive relief enjoining Defendants and their related entities, agents, servants, employees, successors, and assigns and all those in privity, acting in concert, or in participation with them from:

    i.   imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the HappyFeet Mark and HFLI's other Proprietary Marks or any mark confusingly similar to the HappyFeet Mark and HFLI's other Proprietary Marks;

    ii.   using any unauthorized copy or colorable imitation of the HappyFeet Mark and HFLI's other Proprietary Marks, or false designation of origin or description, in such fashion as is likely to relate or connect Defendants with HFLI or the HappyFeet Mark and HFLI's other Proprietary Marks or cause confusion;

    iii.   using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendants is sponsored, endorsed, connected with, approved, or authorized by HFLI;

    iv.   causing likelihood of confusion or injury to HFLI's business reputation and to the distinctiveness of the HappyFeet Mark or HFLI's other Proprietary Marks by unauthorized use of identical or confusingly similar marks;

96027066.1

v.    engaging in any other activity constituting unfair competition or infringement of the HappyFeet Mark or HFLI's rights in, or to use, or to exploit the same;

vi.   diverting or attempting to divert any business or customer of the Defendants' franchises or HFLI's company-owned or franchised businesses to any competitor;

vii.  employing or seeking to employ any person who is now or has been within one year employed by HFLI or any other HFLI franchisee; and

viii. owning, maintaining, advising, being employed by, consulting for, making loans to, operating, or engaging or having an ownership interest in any soccer franchise, club or operation offering the same or similar services offered by HFLI within one hundred miles of Defendants' franchise locations, including, but not limited to, owning or operating Breakout's soccer programming and related offerings.

ix.   assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (i) – (viii) above.

C.  Find Defendants liable for the causes of action alleged against them in this Complaint.

D.  Find Defendants liable and award HFLI monetary damages in an amount to be fixed by the Court in its discretion as just, including, but not limited to:

i.    the amounts owed under HFLI's breach of contract claim;

ii.   in the alternative, restitution in an amount to be determined at trial;

      iii.    compensatory and punitive damages for Defendants' conducts for their tortious interference with existing contractual relations; tortious interference with business expectancy, and conversion, in an amount to be determined at trial;

      iv.    all of Defendants' profits or gains of any kind resulting from Defendants' willful infringement and/or acts of unfair competition, and any damages HFLI suffered as a result of Defendants' actions pursuant to 15 U.S.C. § 1117(a); and

      v.    HFLI's reasonable attorneys' fees, costs, and exemplary damages in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a), and applicable common law, state statutory law, and federal law.

E.  Award HFLI pre-and post-judgment interest on any monetary award made part of the judgment against Defendants; and

F.  All other relief the Court deems just and proper.

## JURY DEMAND

HFLI demands a trial by jury on all issues so triable.

Dated: July 8, 2023

Respectfully submitted,

POLSINELLI PC

By:/s/ *Jennifer J. Eng*
    ANDREW J. ENNIS (KS # 22445)
    JENNIFER J. ENG (KS #79056)
    900 W. 48th Place, Suite 900
    Kansas City, MO 64112
    (816) 753-1000
    Fax No: (816) 753-1536 Fax
    aennis@polsinelli.com
    jeng@polsinelli.com

**ATTORNEYS FOR PLAINTIFF HAPPY
FEET - LEGENDS INTERNATIONAL, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of July, 2024, a true and correct copy of the above and foregoing was served electronically by filing it with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/*Jennifer J. Eng*
Attorney for Plaintiff

## VERIFICATION

I, Poli Hanna, being of lawful age and sound mind and body, hereby declare the following to be true based on my own personal knowledge:

1.     I am the Vice President of HappyFeet – Legends International, Inc. ("HFLI").

2.     I have read the foregoing Complaint and facts stated therein are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 8th , 2024.

Poli Hanna

96032047.1