IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HAPPY FEET – LEGENDS INTERNATIONAL, INC.,<br><br>Plaintiff,<br>v.<br><br>MEURIG CUNDY and HAPPY FEET OF WICHITA, LLC,<br><br>Defendants. | CIVIL ACTION<br><br>No. 24-2294-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion To Seal Exhibit A To The Declaration Of Poli Hanna (Doc. #16) filed August 15, 2024.  For reasons stated below, the Court overrules plaintiff's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution.  See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950

F.3d 1286, 1294 (10th Cir. 2020).

Plaintiff seeks to seal a 50-page franchise agreement because it contains "confidential and proprietary information that would cause competitive injury" to plaintiff and its business if made publicly available. Plaintiff's Motion To Seal (Doc. #16) at 1. Plaintiff argues that if its competitors had access to "confidential pricing" terms in the agreement—such as pricing and details about franchise fees, advertising funds and each party's share of sales—they could outbid plaintiff with prospective business partners. Id. at 2. Plaintiff has not shown that the prices it charges franchisees is not otherwise available to competitors. Likewise, plaintiff has not shown that competitors cannot otherwise access information in the franchise agreement about plaintiff's marketing, advertising and training processes. Id. at 1. The agreement sets forth these processes largely in general terms which do not appear to disclose any confidential or proprietary methods. The Court recognizes that the public and competitors may have easier access to this information if the franchise agreement is not sealed. Even so, based on the present record, plaintiff's fear that a competitor could exploit such information is speculative. On balance, plaintiff has not shown how its interests in making it more difficult for competitors to access the information outweighs the public interest in access to the materials that form part of the basis of this lawsuit. See Colony Ins., 698 F.3d at 1242.

Plaintiff contends that keeping the franchise agreement under seal is the "only method to protect" it from "significant competitive harm." Plaintiff's Motion To Seal (Doc. #16) at 1. Plaintiff utterly fails to explain why limited redaction would not protect it from potential injury. The franchise agreement is replete with boilerplate and general language that appears to contain

no confidential information.¹ The franchise agreement certainly sets forth some duties of the parties which relate to the specific financial terms of the agreement and the industry of child soccer clinics, leagues, academies, camps and tournaments. Even so, in the complaint, plaintiff has disclosed the substance of many of these terms.² Because plaintiff offers no alternative to sealing the entire agreement, the Court declines to conduct a line-by-line analysis and speculate whether plaintiff has an interest in non-disclosure of specific information which outweighs the public's right of access. See United States v. Carter, No. 12-20066-38-KHV, 2020 WL 4673213, at *1 (D. Kan. Aug. 12, 2020) ("The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's interest in non-disclosure."). On this record, plaintiff has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to the records which inform the Court's decision-making process. See Colony Ins., 698 F.3d at 1242 (denying motions to seal

---

¹ See, e.g., Franchise Agreement (Doc. #14-1) filed August 8, 2024 at 2–4 (recitals); id. at 6 (term of agreement, renewal of franchise); id. at 31–33 (non-competition); id. at 33–37 (transfer and assignment); id. at 40 (unavoidable delays, invalid or unenforceable provisions, relationship between parties and waiver); id. at 41 (notice and payments, applicable law); id. at 42 (terminology, status of agreement); id. at 43 (amendment of agreement, costs and expenses of enforcement, captions, consent and approval, representations).

² See Verified Complaint And Jury Demand (Doc. #1) filed July 8, 2024, ¶ 67 (franchise agreement required defendants to (i) remit certain fees to plaintiff; (ii) maintain financial and other records and submit such records to plaintiff on a regular basis; (iii) allow plaintiff to inspect or audit defendants' financial records; (iv) refrain from utilizing plaintiff's proprietary marks and other intellectual property; (v) refrain from diverting or attempting to divert actual or prospective business or customers to any competitors; (vi) refrain from performing any act that injures or prejudices the goodwill associated with plaintiff, its system or proprietary marks; (vii) refrain from employing or seeking to employ anyone who has been employed by plaintiff within one year or to otherwise induce such a person to leave their employment with plaintiff; and (viii) refrain from owning, maintaining or associating with any businesses offering the same or similar services offered by plaintiff).

-4-

where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access). Therefore, the Court overrules plaintiff's motion to keep the franchise agreement under seal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Seal Exhibit A To The Declaration Of Poli Hanna (Doc. #16) filed August 15, 2024 is **OVERRULED**.

Dated this 27th day of August, 2024 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          KATHRYN H. VRATIL
                                          United States District Judge