## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HAPPY FEET – LEGENDS INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 24-2294-KHV |
| MEURIG CUNDY and HAPPY FEET OF WICHITA, LLC, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

Happy Feet – Legends International, Inc. ("HFLI") filed suit against Meurig Cundy and Happy Feet of Wichita, LLC for trademark infringement, unfair competition, breach of contract, unjust enrichment, tortious interference with business expectancy and conversion. This matter is before the Court on Plaintiff Happy Feet – Legends International, Inc.'s Motion For Preliminary Injunction (Doc. #12) filed August 8, 2024. For reasons stated below, the Court sustains plaintiff's motion in part.

## Preliminary Injunction Standards

The purpose of a preliminary injunction is "to preserve the status quo pending the outcome of the case." Tri–State Generation & Transmission Ass'n., Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986). In issuing a preliminary injunction, the Court is primarily attempting to preserve the power to render a meaningful decision on the merits. Id. Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005). To obtain a preliminary injunction, the movant must establish that (1) it will suffer irreparable injury unless

the preliminary injunction issues; (2) the threatened injury outweighs whatever damage the proposed preliminary injunction may cause the non-movant; (3) if issued, the preliminary injunction will not be adverse to the public interest; and (4) the movant is substantially likely to ultimately prevail on the merits of its claims.  Tri-State, 805 F.2d at 355.  If the moving parties demonstrate that the first three factors "tip strongly" in their favor, the test is modified and the moving parties "may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue for litigation and deserving of more deliberate investigation."  Okla. ex rel. Okla. Tax Comm'n v. Int'l Registration Plan, Inc., 455 F.3d 1107, 1113 (10th Cir. 2006).

### Factual Background

Founded in 1989, the Happy Feet – Legends International ("HFLI") Soccer Club organization started in Kansas City and now has sister clubs throughout the United States.  Happy Feet is part of a larger system, which HFLI created for the development and operation of preschool and day care soccer clinics, soccer leagues, premier and recreational coaching clinics, academies, camps, tournaments, tours and merchandise.  This system includes HFLI marks and all related names, trademarks, service marks, logos, copyrights and associated goodwill; distinctive designs, color schemes and trade dress and signage; an operations manual incorporating required standards, procedures, policies and techniques; and advertising, marketing and promotional programs.

In 2007, HFLI asked Meurig Cundy, who had several years of experience as a soccer coach, to join HFLI as either an employee or franchisee.  In April of 2007, after the parties exchanged drafts of several employment and franchise documents, Cundy agreed to operate a Happy Feet franchise in Wichita, Kansas.  Cundy signed several agreements, but he did not sign or agree to a

covenant not to compete with HFLI in the Wichita area after the franchise relationship had ended.[1] For some 16 years, Cundy and his company (Happy Feet of Wichita, LLC) operated the Happy Feet franchise.  During this time, Cundy provided lessons and coaching under the Happy Feet brand.

On October 18, 2023, Cundy notified HFLI that he intended to shut down the Happy Feet franchise in Wichita and that his attorney had concluded that the parties' agreement did not prohibit him from continuing to provide soccer services in the Wichita area.  Until June of 2024, Cundy continued to provide lessons using the Happy Feet program.  In June of 2024, Cundy ended his relationship with HFLI and provided financial information to HFLI to allow it to charge the final franchise fees to his credit card.  Shortly thereafter, Cundy started providing coaching and soccer lessons for Super Soccer Stars, a nationwide competitor of HFLI.

On July 8, 2024, HFLI filed suit against Cundy and Happy Feet of Wichita for trademark infringement, unfair competition, breach of contract, unjust enrichment, tortious interference with business expectancy and conversion.  HFLI also seeks injunctive relief which prohibits defendants from continuing to violate the non-compete clause in the franchise agreement and from using or

---

[1]     HFLI maintains that for three years after the expiration or termination of the franchise agreement, defendants agreed not to compete within 100 miles of Wichita.  First Amended Verified Complaint And Jury Demand (Doc. #10) filed August 8, 2024, ¶ 34.  HFLI has not presented an agreement signed by Cundy which includes such a clause.  Poli Hanna, HFLI's current Vice President, states that Cundy agreed to HFLI's standard franchise agreement, which includes such a covenant not to compete.  Declaration Of Poli Hanna (Doc. #14) filed August 8, 2024, ¶ 3.  Defendants note that Hanna has not provided the basis of her knowledge about any such agreement and that in 2007—when the parties executed the agreement—she was not an HFLI employee or involved in the negotiations between the parties.  In any event, Cundy states that he did not sign the standard franchise agreement or otherwise agree not to compete after he ended the franchise relationship.  Declaration Of Meurig Cundy (Doc. #34-1) filed September 12, 2024, ¶¶ 9–20, 23.  HFLI has not filed a reply brief which disputes Cundy's sworn declaration that he did not execute the standard franchise agreement or otherwise agree not to compete after he ended the franchise relationship.

misusing HFLI trademarks.

**Analysis**

Plaintiff seeks a preliminary injunction which prohibits defendants from (1) using or misusing HFLI's intellectual property and (2) violating the non-compete clause in the franchise agreement.  Defendants state that because they have not used or misused plaintiff's intellectual property, they do not object to plaintiff's request for injunctive relief in this regard.  Defendants' Response In Opposition To Plaintiff's Motion For Preliminary Injunction (Doc. #34) filed September 12, 2024 at 2.  The Court therefore sustains this part of plaintiff's motion and enjoins defendant from using or misusing HFLI's intellectual property.[2]  For reasons explained below, however, the Court overrules plaintiff's request for an injunction which prohibits defendants from providing soccer services or owning or operating a soccer organization which competes with HFLI

---

[2]        Plaintiff asks the Court to enjoin defendants and their related entities, agents, servants, employees, successors, and assigns and all those in privity, acting in concert, or in participation with them from: (1) using the HappyFeet Mark and HFLI's other Proprietary Marks, including, but not limited to use on promotional signs, an entity, corporate or other trade name, in any domain name and online; (2) imitating, copying, duplicating, manufacturing, producing, circulating or otherwise making any use of the HappyFeet Mark and HFLI's other Proprietary Marks or any mark confusingly similar to the HappyFeet Mark and HFLI's other Proprietary Marks; (3) using any unauthorized copy or colorable imitation of the HappyFeet Mark and HFLI's other Proprietary Marks, or false designation of origin or description, in such fashion as is likely to relate or connect defendants with HFLI or the HappyFeet Mark and HFLI's other Proprietary Marks or cause confusion; (4) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered or sold by Defendants is sponsored, endorsed, connected with, approved or authorized by HFLI; (5) causing likelihood of confusion or injury to HFLI's business reputation and to the distinctiveness of the HappyFeet Mark or HFLI's other Proprietary Marks by unauthorized use of identical or confusingly similar marks; and (6) engaging in any other activity constituting unfair competition or infringement of the HappyFeet Mark or HFLI's rights in, or to use, or to exploit the same.  Plaintiff Happy Feet – Legends International, Inc.'s Motion For Preliminary Injunction (Doc. #12) at 4–5.
        Because defendants do not object to the proposed language in plaintiff's motion about the scope of the injunction related to intellectual property, the Court sustains plaintiff's motion in this regard.

in the Wichita area.

## I.     Irreparable Harm

Harm is "irreparable" if the movant can show a significant risk that it will experience harm that cannot be compensated after the fact by money damages.  First W. Cap. Mgmt. Co. v. Malamed, 874 F.3d 1136, 1141 (10th Cir. 2017).  Adequate legal remedies foreclose injunctive relief.  N. Cal. Power Agency v. Grace Geothermal Corp., 469 U.S. 1306, 1306 (1984).  Irreparable harm often can result because of  "the difficulty in calculating damages, the loss of a unique product, and existence of intangible harms such as loss of goodwill or competitive market position." Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1264 (10th Cir. 2004).  Absent actual evidence that significant harm has occurred or is likely to occur, the Court does not presume irreparable harm.  See First W. Cap. Mgmt., 874 F.3d at 1140 ("Courts may presume irreparable harm only when a party is seeking an injunction under a statute that mandates injunctive relief as a remedy for a violation of the statute.").

HFLI argues that absent an injunction which enjoins defendants from operating a competing soccer club and recruiting HFLI customers through misuse of its intellectual property, it will suffer irreparable harm in the form of loss of customers, business reputation and goodwill. As explained above, defendants have agreed to HFLI's request for an injunction related to its intellectual property.  HFLI has not identified any irreparable harm from defendants' breach of the purported covenant not to compete.  HFLI has not filed a reply brief which disputes defendants' assertion that since they stopped operating a Happy Feet franchise in Wichita, HFLI has not recruited another franchisee in the area.  Defendants' Response In Opposition To Plaintiff's Motion For Preliminary Injunction (Doc. #34) at 13 n.12.  Moreover, even if HFLI could establish some harm from a breach of agreement not to compete in the Wichita area, HFLI has not shown

that money damages would not adequately compensate it for such a breach.  HFLI therefore has

not established that absent an injunction, it will suffer irreparable harm.

**II.      Likelihood Of Success On Merits**

HFLI has not established that it is substantially likely to prevail on the merits of its claims.

Tri-State, 805 F.2d at 355.  HFLI claims that in 2007, Cundy agreed not to compete in the Wichita

area for three years after the end of the franchise relationship.  As noted above, HFLI has not filed

a reply brief which disputes Cundy's sworn declaration that he did not execute the standard

franchise agreement or otherwise agree not to compete after he ended the franchise relationship.

HFLI therefore has not established that it is substantially likely to prevail on its claim that Cundy

breached the parties' contract when he terminated the Happy Feet franchise and continued to coach

and provide soccer lessons for a competitor in the Wichita area.

**III.     Conclusion**

HFLI has not established that (1) absent an injunction, it will suffer irreparable harm or

(2) it is substantially likely to prevail on the merits of its claims.  Therefore, except to the extent

that the parties have otherwise agreed, the Court overrules HFLI's requests for injunctive relief.

**IT IS THEREFORE ORDERED** that Plaintiff Happy Feet – Legends International,

Inc.'s Motion For Preliminary Injunction (Doc. #12) filed August 8, 2024 is **SUSTAINED in part**.

**IT IS FURTHER ORDERED that defendants and their related entities, agents,**

**servants, employees, successors, and assigns and all those in privity, acting in concert, or in**

**participation with them are enjoined from: (1) using the HappyFeet Mark and HFLI's other**

**Proprietary Marks, including, but not limited to use on promotional signs, an entity,**

**corporate or other trade name, in any domain name and online; (2) imitating, copying,**

**duplicating, manufacturing, producing, circulating or otherwise making any use of the**

HappyFeet Mark and HFLI's other Proprietary Marks or any mark confusingly similar to the HappyFeet Mark and HFLI's other Proprietary Marks; (3) using any unauthorized copy or colorable imitation of the HappyFeet Mark and HFLI's other Proprietary Marks, or false designation of origin or description, in such fashion as is likely to relate or connect defendants with HFLI or the HappyFeet Mark and HFLI's other Proprietary Marks or cause confusion; (4) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered or sold by Defendants is sponsored, endorsed, connected with, approved or authorized by HFLI; (5) causing likelihood of confusion or injury to HFLI's business reputation and to the distinctiveness of the HappyFeet Mark or HFLI's other Proprietary Marks by unauthorized use of identical or confusingly similar marks; and (6) engaging in any other activity constituting unfair competition or infringement of the HappyFeet Mark or HFLI's rights in, or to use, or to exploit the same. Defendants are also enjoined from assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (1) through (6) above.

The Court otherwise overrules plaintiff's motion for a preliminary injunction.

Dated this 22nd day of October, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge